UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN HOWE, as Administrator of the Estate of
KENNEDY C. HOWE, Deceased,

       Plaintiff,       **JURY DEMAND**

 -against-

                    Case No.:

THE UNITED STATES OF AMERICA,

       Defendant.
------------------------------------------------------------------X


Plaintiff hereby demands a trial by jury of all issues.


Dated: Brooklyn, New York
    December 27, 2017


                        */s/ Amy L. Insler*
                         Amy L. Insler, Esq.
                         Bonina & Bonina, P.C.
                         Attorneys for Plaintiff
                         16 Court Street – Suite 1800
                         Brooklyn, New York 11241
                         Phone No.: (718) 522-1786


To: United States Attorney
    Department of Justice
    Southern District of New York
    Attorneys for Defendant
    The United States of America
    86 Chambers Street
    New York, New York 10007

{00128104}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN HOWE, as Administrator of the Estate of
KENNEDY C. HOWE, Deceased,

                       Plaintiff,                                **VERIFIED COMPLAINT**

   -against-

                                                          **Case No.:**

THE UNITED STATES OF AMERICA,

                       Defendant.
------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, Bonina & Bonina, P.C., complaining of the defendant herein, and as for a Verified Complaint in the above entitled action, respectfully shows to this Court, and alleges upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE ESTATE OF KENNEDY HOWE, FOR CONSCIOUS PAIN AND SUFFERING UNDER THE THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE

**FIRST:**

Plaintiff demands a trial by jury.

**SECOND:**

That this case falls within one or more exceptions of the CPLR §1602.

**THIRD:**

That at all times mentioned herein, the plaintiff's decedent, Kennedy Howe, was a resident of the County of Kings, City and State of New York.

**FOURTH:**

That on May 2, 2016, Stephen Howe was appointed Administrator of the Estate of Kennedy Howe, deceased, by the Surrogate's Court of Kings County.

**FIFTH:**

That at all times mentioned herein, the plaintiff, Stephen Howe, is, was and has been a resident of the County of Monroe, State of New York.

**SIXTH:**

That at all times mentioned herein, the defendant, The United States of America (hereinafter "USA"), through the United States Public Health Services and United States Department of Health & Human Services employed Ady S. Oster, M.D. and Catherine Lee, M.D. pursuant to the Public Health Services Act, 42 USC ¶ 233, as amended by the federally supported Health Centers Assistance Act of 1995, for purposes of coverage by the Federal Tort Claims Act.

**SEVENTH:**

That at all times mentioned herein, defendant "USA," owned, operated, supervised, maintained, funded and/or controlled certain premises, namely, Charles B. Wang Community Health Center within the County of New York, City and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention, including plaintiff's decedent herein.

**EIGHTH:**

That at all times mentioned herein, defendant "USA" for a consideration offered to render competent and adequate medical services, nursing services, emergency services, ambulance services, patient transportation services, operating services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services, anesthesia services in general, all necessary services to give proper, adequate and competent medical care and attention to members of the general public, or more particularly to

the plaintiff's decedent herein and further held itself out to such individuals as having the necessary personnel, equipment, supplies or facilities to perform the same.

**NINTH:**

That at all times mentioned herein, the defendant, Ady S. Oster, M.D., hereinafter referred to as "Oster," is, was, and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of New York, City and State of New York.

**TENTH:**

That at all times mentioned herein, the defendant, "Oster" held himself out to the general public, and more particularly, the plaintiff and the plaintiff's decedent herein as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**ELEVENTH:**

That at all times mentioned herein, the defendant "Oster" for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and/or in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly to the plaintiff and the plaintiff's decedent herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**TWELFTH:**

That at all times mentioned herein, the defendant, Catherine Lee, M.D., hereinafter referred to as "Lee," is, was and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of New York, City and State of New York.

**THIRTEENTH:**

That at all times mentioned herein, the defendant, "Lee" held herself out to the general public, and more particularly, the plaintiff's decedent herein as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**FOURTEENTH:**

That at all times mentioned herein, the defendant "Lee" for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and/or in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly to the plaintiff and the plaintiff's decedent herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**FIFTEENTH:**

That at all times mentioned herein, the defendant Charles B. Wang Community Health Center, hereinafter referred to as "Charles B. Wang," was and still is a corporation duly existing pursuant to the laws of the State of New York, and doing business within the County of New York, City and State of New York.

**SIXTEENTH:**

That at all times mentioned herein, the defendant "Charles B. Wang" owned, operated, supervised, maintained and/or controlled certain premises within the County of New York, City and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention including the plaintiff's decedent herein.

**SEVENTEENTH:**

That at all times mentioned herein, the defendant "Charles B. Wang" for a consideration, offered to render competent and adequate medical services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, and/or in general all necessary services to give proper, adequate, and competent medical care to members of the general public, and more particularly, the plaintiff's decedent herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**EIGHTEENTH:**

On June 20, 2017, plaintiff filed his administrative claim. To date, plaintiff has not received a Notice of Final Determination, however, more than six months has passed since the filing of the SF-95 claim.

**NINETEENTH:**

Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 USC §2675(a), 28 USC §1346(b), 28 USC §§2671-80 and 28 USC §2679(d)(1) because the plaintiff decedent received medical treatment from Drs. Oster, Lee and The Charles B. Wang Community Health Center all of which are employees of the "USA." Jurisdiction is also proper as plaintiff filed an Administrative Claim and six months from the date of said filing has passed.

## VENUE

Venue is proper in this Court pursuant to 28 USC §2401(b), 28 USC §1346(b) and 28 USC §§2671-2680.

### AS AND FOR A FIRST CAUSE OF ACTION TO RECOVER MONETARY DAMAGES FROM DEFENDANTS ON BEHALF OF THE ESTATE OF KENNEDY HOWE, FOR CONSCIOUS PAIN AND SUFFERING UNDER THE THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE

**TWENTIETH:**

The plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "FIRST" through "NINETEENTH" of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

**TWENTY-FIRST:**

That in reliance upon the foregoing, the plaintiff's decedent, Kennedy Howe during a continuous course of treatment beginning on or about September 23, 2014 and ending on or about August 3, 2015, came under and/or submitted to the care and attention of the defendant USA.

**TWENTY-SECOND:**

That at all times mentioned herein, the plaintiff's decedent related a history, various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to

the defendants and/or each of them, separately, jointly, individually and/or concurrently, and/or their agents, servants, associates, partners and/or employees.

**TWENTY-THIRD:**

That at all times mentioned herein, the plaintiff's decedent submitted to various tests, examinations, procedures, treatments and techniques, both oral and physical, performed by or at the special instance and request of the defendants and/or each of them, their agents, servants, associates, employees and/or partners.

**TWENTY-FOURTH:**

That at all times mentioned herein, the defendant, its agents, servants, associates, partners and/or employees, were aware or should have been aware of the results, imports, findings and/or consequences of this history, complaints, signs, symptoms, pains, sensations and occurrences being experienced by plaintiff's decedent, as well as the results, import, findings and/or consequences of the tests, examinations, procedure, treatments and/or techniques performed on the plaintiff's decedent, by the defendants, their agents, servants, employees, associates and/or partners.

**TWENTY-FIFTH:**

That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery pre and post-surgical care, procedures and/or techniques given to and/or performed on plaintiff's decedent, by the defendants, their agents, servants, associates, partners and/or employees was not in accord with the accepted standards of the proper practice of medicine, which are generally recognized within the local, state or national community.

**TWENTY-SIXTH:**

That the defendants and/or each of them, individually, jointly and/or concurrently, their agents, servants, associates, partners, and/or employees, by acts of commission and omission were negligent, careless and reckless and departed from accepted medical practices in the following areas:

- a) negligently, carelessly, recklessly caused plaintiff's decedent's wrongful death;
- b) negligently, carelessly, recklessly failed and omitted to prevent plaintiff's decedent's wrongful death;
- c) negligently, carelessly, recklessly and improperly failed to accurately diagnose the plaintiff's decedent as having a cardiac condition;
- d) negligently, carelessly, and recklessly, failed to recommend, order or request an immediate cardiac consultation for plaintiff's decedent;
- e) failed and omitted to recommend, order and/or perform an angiogram, cardiac catheterization, bypass and/or stress test;
- f) negligently, carelessly, and recklessly, failed to perform blood studies including but not limited to Troponin test, CK MB test, and Myoglobin test;
- g) failed and omitted to understand the significance of plaintiff's decedent's complaint of mid-chest tightness, chest pain and chest pressure;
- h) failed and omitted to understand the significance of plaintiff's decedent's complaint of dull pain of bilateral upper arms to palm;
- i) failed and omitted to understand plaintiff's decedent's complaint of neck pain;
- j) failed and omitted to understand plaintiff's decedent's complaint of head "swimming" sensation;

k) failed and omitted to understand the significance of plaintiff's decedent's smoking, hyperlipidemia and family medical history of diabetes, hypertension and hearth disease which placed him at increased risk for coronary artery disease;

l) improperly misdiagnosed plaintiff's decedent with costochondritis;

m) negligently, carelessly, and recklessly, failed to recommend, order or perform a nuclear heart scan;

n) negligently, carelessly, and recklessly, failed to recommend, order or perform a coronary angiography;

o) negligently, carelessly, and recklessly, failed to perform and/or order and/or recommend a cardiac catheterization for the plaintiff's decedent;

p) negligently, carelessly, and recklessly permitted plaintiff's decedent's heart condition to worsen;

q) failed and omitted to order a cardiac workup including EKG and blood studies;

r) negligently, carelessly, and recklessly failed to attach appropriate significance to plaintiff's decedent's complaints of pain in chest.

s) negligently, carelessly, and recklessly, failed to timely diagnose and treat the plaintiff's decedent's atherosclerosis;

t) negligently, carelessly and recklessly, failed to consider and understand plaintiff's decedent was at increased risk for atherosclerosis due to his family history, elevated cholesterol, elevated blood pressure, and history of smoking;

u) negligently, carelessly, and recklessly, failed and omitted to properly perform and interpret plaintiff's decedent's EKGs or ECGs;

v) negligently, carelessly, and recklessly, failed and omitted to admit and/or refer the plaintiff's decedent to a hospital for cardiac workup and/or observation;

w) failed and omitted to recommend, order and/or prescribe cholesterol lowering medication;

x) negligently, carelessly, and recklessly, failed and omitted to administer Oxygen therapy to the plaintiff's decedent;

y) negligently, carelessly, and recklessly, failed and omitted to administer IV nitroglycerin, morphine, or thrombolytic therapy;

z) negligently, carelessly, and recklessly, failed and omitted to prescribe or administer Heparin and/or Warfarin;

aa) negligently, carelessly, and recklessly, failed and omitted to diagnose impending heart attack of plaintiff's decedent;

bb) failed and omitted to prescribe and/or administer antiplatelet therapy, Beta blockers and/or ACE inhibitors;

cc) negligently, carelessly, and recklessly, failed to conduct a proper physical examination of the plaintiff's decedent;

dd) negligently, carelessly, and recklessly, failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examination, information, services, attention, studies, laboratory and radiological examination and/or facts to the plaintiff's decedent herein;

ee) caused and/or permitted the plaintiff's decedent to engage in contra-indicated and dangerous activities in view of his condition;

ff) failed and omitted to use their best judgment and reliable care in their medical care, attention, services, treatment, diagnosis and other medical services rendered on behalf of the plaintiff's decedent;

gg) failed and omitted to perform proper and timely tests, examinations, procedures, studies, surgery, pre and post-surgical care, and in general in giving medical care, attention, treatment and/or care to the plaintiff's decedent;

hh) failed and omitted to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs, and/or symptoms, so that a proper diagnosis could be made and/or proper course of treatment given;

ii) failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, surgery, pre and post-surgical care, attention, studies, laboratory and radiological examinations and/or facts to the plaintiff's decedent herein.

**TWENTY-SEVENTH:**

That solely as a result of the negligence and/or medical malpractice of the defendant through its agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiff's decedent contributing thereto, plaintiff's decedent was caused to sustain the injuries which are referred to herein.

**TWENTY-EIGHTH:**

That as a result of the foregoing, decedent was rendered sick, sore, lame and disabled and suffered internal injuries, pain and mental anguish and extreme conscious pain and suffering, eventually leading to his wrongful death on August 3, 2015.

**TWENTY-NINTH:**

That by reason of the foregoing plaintiff's decedent and his Estate on his behalf have been damaged by the defendants herein and seek a monetary award and damages which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the defendants herein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE
DEFENDANTS ON BEHALF OF THE ESTATE OF KENNEDY HOWE
AND HIS DISTRIBUTEES FOR WRONGFUL DEATH, UNDER A
THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE**

**THIRTIETH:**

That the plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTY-NINTH" both inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

**THIRTY-FIRST:**

That solely as a result of the negligence and/or medical malpractice of the defendants, and/or each of them, their agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiff or the plaintiff's decedent contributing thereto, the plaintiff's decedent was caused to suffer unnecessary and excruciating pain, disability, discomfort and suffering which resulted in his wrongful death on August 3, 2015.

**THIRTY-SECOND:**

That as a result of the recklessness, carelessness, negligence and/or medical malpractice of the defendants as aforementioned, decedent's distributees and the Estate of Kennedy Howe have suffered damages, including pecuniary loss, as a result of the wrongful death of plaintiff's decedent.

**THIRTY-THIRD:**

That by reason of the foregoing departures from accepted medical practice, the Estate of Kennedy Howe and his distributees have been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

*WHEREFORE*, Stephen Howe, as Administrator of the Estate of Kennedy Howe, demands a monetary judgment in the form of damages against the defendants and/or each of them herein on the First Cause of Action together with the costs and disbursements of this action;

*WHEREFORE*, Stephen Howe, as Administrator of the Estate of Kennedy Howe, demands a monetary judgment in the form of damages against the defendants and/or each of them on the Second Cause of Action with the costs and disbursements of this action;

*WHEREFORE*, plaintiff demands a trial by jury on all issues.

Dated: Brooklyn, New York
       December 27, 2017

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, that the foregoing Summons, Verified Complaint and Certificate of Merit are not frivolous as defined in subsection (c) of Section 130-1.1 of the rules of the Chief Administrator."

Amy L. Insler, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
16 Court Street – Suite 1800
Brooklyn, New York 11241
Phone No.: (718) 522-1786

## CERTIFICATE OF MERIT
## PURSUANT TO CPLR 3012(a)(1)

I am an attorney duly licensed to practice before the Courts of the State of New York. I have reviewed the facts of this case and have consulted a physician licensed to practice medicine who is knowledgeable in the relevant issues involved in this action. On the basis of such review and consultation, it is my belief that there is a reasonable basis for the commencement of this action.

_____
Amy L. Insler, Esq.

STATE OF NEW YORK, COUNTY OF KINGS       ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**
certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☒ **Attorney's Verification By Affirmation**
say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff. I have read the annexed **SUMMONS, JURY DEMAND AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based on the following. By a review of a file maintained in my office.

The reason I make this affirmation instead of Plaintiff(s) is Plaintiff(s) reside(s) in a County other than the one in which I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: **December 27, 2017**

_____
Amy Insler, Esq.

STATE OF NEW YORK, COUNTY OF KINGS       ss:

☐ **Individual Verification**
being sworn says: I am the plaintiff in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification**
the                                    of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based on the following:
Sworn to before me on

_____                _____
                                                (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF KINGS       ss:

, being sworn says: I am not a party to the action, am over the age of 18 years of age and reside in
, I served a true copy of the annexed           in the following manner:

☐ **Service By Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Personal Service**
by delivering the same personally to the persons at the address indicated below:

☐ **Service By Electronic Means**
by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as I indicated below:

☐ **Service By Overnight Delivery**
by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on

_____                _____
(Print signer's name below signature)           (Print signer's name below signature)

{00130103}

**Case No.:**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

---

STEPHEN HOWE, as Administrator of the Estate of KENNEDY C. HOWE, Deceased,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA,

Defendants.

---

### SUMMONS, JURY DEMAND AND VERIFIED COMPLAINT

---

**BONINA & BONINA, P.C.**
Attorneys for *Plaintiff(s)*
16 Court Street – Suite 1800
Brooklyn, New York 11241
Tele. No.: (718) 522-1786
Fax No.: (718) 243-0414

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated: **December 27, 2017**            Signature: _____
                                        Print Signer's Name: **Amy Insler, Esq.**

---

*Service of a copy of the within*                                     *is hereby admitted.*
*Dated:*

                                                          *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐ Notice of Entry — *that the within is a (certified) true copy of an entered in the office of the clerk of the within named Court on*

☐ Notice of Settlement — *that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,*
Dated:      at                                    on                      20    , at         M.

**BONINA & BONINA, P.C.**
Attorneys for Plaintiff(s)
16 COURT STREET
BROOKLYN, N.Y. 11241

To:
*Attorney(s) for*

{00130103}